UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| BLOOMDALE, S.A. and GOTRA LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>BANCRÉDITO INTERNATIONAL BANK AND TRUST CORPORATION<br><br>Defendant. | Civil No. 3:19-cv-02093 |

### OPPOSITION TO "MOTION TO DEEM AS UNOPPOSED BIBTC'S MOTION TO STAY PROCEEDINGS PENDING DISPOSITION OF THEIR MOTIONS TO DISMISS COMPLAINT"

TO THE HONORABLE COURT:

COME NOW BLOOMDALE, S.A. and GOTRA LIMITED (jointly referred to as "Plaintiffs"), through the undersigned attorneys, and before this Honorable Court, respectfully STATE, ALLEGE and PRAY as follows:

1. On May 4, 2020, Defendant Bancredito International Bank and Trust Corporation ("Bancredito International") and former defendant Julio Herrera Velutini filed a Motion to Stay Proceedings Pending Disposition of Their Motion to Dismiss the Complaint ("Motion to Stay"). Dkt. 32. They sought to have the proceedings stayed pending disposition of certain jurisdictional challenges.

2. On May 26, 2020, Plaintiffs filed a motion titled "Plaintiffs' Informative Motion Regarding their Intent to Oppose to "Defendants' Motion to Stay Proceedings Pending Disposition of their Motion to Dismiss the Complaint" and Requesting Extension" ("Motion Requesting Extension"). In said motion, Plaintiffs sought an extension until June 5, 2020 to respond to the

Motion to Stay. Dkt. 40. Plaintiffs' request for an extension was granted by the Court. Dkt. 41. The Court Order granting the request read as follows: "ORDER granting [40] Motion for Extension of Time to File Response/Reply. Responses due 6/11/2020. Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. Signed by Judge William G. Young on 5/28/2020)." (Emphasis ours).

3. Upon reading the Court Order at Dkt. 41, Plaintiffs understood that, even though they had requested an extension of time until June 5, 2020, the Court had set a deadline for submitting the opposition to the Motion to Stay for June 11, 2020 ("Responses due 6/11/2020"). On that day, June 11, 2020, Plaintiffs filed their "Opposition to Defendants' Motion to Stay Proceedings Pending Disposition of their Motion to Dismiss Complaint" ("Opposition to Motion to Stay") Dkt. 54.

4. The next day, Defendant Bancredito International filed a "Motion to Deem as Unopposed BIBTC's "Motion to Stay Proceedings Pending Disposition of Their Motion to Dismiss Complaint"". Dkt. 55. Even though Plaintiffs had already filed their Opposition to the Motion to Stay and the Court already had both parties' submissions for final disposition of the matter, Defendant seeks to have Plaintiffs' opposition stricken from the record. They allege that Plaintiffs failed to show cause why they failed to comply with the June 5, 2020 deadline.

5. As discussed, Plaintiffs understood, perhaps mistakenly, that the deadline to file the Opposition to the Motion to Stay was on June 11, 2020. In the event that the Court's order referred to a June 5, 2020 deadline, the six-day delay was due to excusable neglect because of a misreading of the Court Order at Dkt. 41. Plaintiffs understood, in good faith, that the deadline had been set to June 11, 2020 and they complied with said deadline. Plaintiffs contend that the filing of the Opposition to Motion to Stay on June 11, 2020, presents no danger of prejudice to the non-moving

party.  The Motion to Stay was predicated on certain jurisdictional challenges presented by Defendant Bancredito International in its Motion to Dismiss and  Plaintiffs have already filed their Opposition to said Motion to Dismiss and have argued that the court has subject matter jurisdiction. Upon reviewing the parties' legal arguments, the Court can decide whether it is appropriate to stay the proceedings.

6. Assuming that the deadline for filing was set for June 5, 2020, Plaintiffs' misunderstanding of the Court Order does not impact the judicial proceedings.  The filing does not cause a delay as the case is moving forward and the parties are complying with the deadlines of the joint proposed Case Management Scheduling Order.  A six-day delay will have no impact on the terms agreed to by the parties or in the proceedings in the case.  The Court currently has the position of both parties regarding the Motion to Stay for submission to final disposition.  Under Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure, Plaintiffs have shown good cause why their Opposition to Motion to Stay should not be stricken from the record and their arguments should not be deemed waived.

WHEREFORE BLOOMDALE, S.A. and GOTRA LIMITED respectfully request this Court to deny the "Motion to Deem as Unopposed BIBTC's "Motion to Stay Proceedings Pending Disposition of Their Motion to Dismiss Complaint"" filed at Dkt. 55.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 15th day of June 2020.

WE HEREBY CERTIFY that on this date we filed an exact copy of this document with the Clerk of the Court using the CM/ECF System which will send notice electronically to all counsel of record.

**SEPULVADO MALDONADO & COURET**
304 Ponce de León Ave
Suite 990
San Juan, P.R. 00918
Telephone: (787) 765-5656
Fax: (787) 294-0073

*/s/ Lee R. Sepulvado-Ramos*
Lee R. Sepulvado Ramos
USDC-PR No. 211912
lsepulvado@smclawpr.com

*/s/ Lady E. Cumpiano*
Lady E. Cumpiano
USDC-PR No. 211106
lcumpiano@smclawpr.com
